IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Marvin's Produce, LLC,                    )    C/A No. 6:16-3760-HMH-JDA
                                          )
                        Plaintiff,        )
                                          )    **REPORT AND RECOMMENDATION**
vs.                                       )
                                          )
H.T. Grills,                              )
                                          )
                        Defendant.        )
_____   )

Plaintiff, proceeding pro se, paid the $400 filing fee to this Court, and he seeks to bring this civil collection action pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. §499e. [Doc. 1.] Along with the Complaint, William C. Reed filed a motion alleging that he is the collection manager for the LLC and requesting permission to proceed without having an attorney to represent the LLC. [Doc. 2.]

On December 9, 2016, this Court entered an Order denying William C. Reed's motion seeking to represent Marvin's Produce, LLC, in this action. [Doc. 10.] This Court notified William C. Reed that he cannot represent and file pleadings on behalf of Marvin's Produce, LLC, and that the LLC may only proceed in this Court with counsel admitted in this district. [*Id.*] This Court directed as follows.

> Marvin's Produce, LLC, must obtain an attorney and direct that attorney to file a notice of appearance in this action within sixty (60) days. After sixty (60) days if no attorney has appeared on behalf of Plaintiff, this Court will assume that Plaintiff is attempting to proceed with this action pro se. And, it may be recommended that this action be dismissed because the LLC cannot proceed without counsel.

[*Id.*]

The Clerk of Court mailed this Court's December 9, 2016, Order to Marvin's Produce, LLC, c/o William C. Reed on that date. Neither William C. Reed nor Marvin's Produce, LLC, has responded to the Court's Order or contacted the Court, and the deadline has lapsed. Also, no counsel has made a notice of appearance on behalf of Plaintiff. Therefore, Plaintiff has failed to prosecute this case and has failed to comply with this Court's December 9, 2016, Order. And, this action should be dismissed because the LLC cannot proceed without counsel. Accordingly, it is recommended that this case should be dismissed *without prejudice* pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962). **Plaintiff's attention is directed to the important notice on the next page.**

February 16, 2017
Greenville, South Carolina

s/Jacquelyn D. Austin
Jacquelyn D. Austin
United States Magistrate Judge

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).